O'Connell, J.
Opinion on motion for new trial.
Plaintiff as administrator of the estate of Henry Graf, deceased, brought suit against the defendant company for his alleged wrongful death. The petition mentioned as the beneficiaries the widow of- the deceased and his two minor children.
The deceased was a passenger on a street car, who, believing that the car was about to be struck upon a crossing by an approaching train, jumped from the car and was billed by the train.
The jury on the issues joined, found for the plaintiff assessing the damages at $10,000. ...
In support of his motion for a new trial, counsel for defendant submits two separate phases of the case:
1st. That the evidence shows that the petition does not disclose all the next of kin. '
2d. That the evidence shows that the negligence charged against the defendant was not the proximate cause of the injury.
*482 Section 10772, General Code, provides that an action such as this shall be brought in the name of the personal representative of. the deceased,. and damages are to be awarded “to the persons respectively for whose benefit the action is brought.”
■ • The action is properly brought, it being in the name of the accredited personal representative.
I can find no warrant for granting a new trial on motion of a defendant irrespective of the .merits of the case, and in spite of the fact that a defendant may be shown by the evidence to be clearly liable, such motion being based on the sole ground that the plaintiff did not mention all the next of kin in his petition.
It is true tha.t the plaintiff’s evidence suggests the probability that - there are, or at one time may have been other children of the deceased by a former marriage in addition to those .mentioned ' in the petition, but whose whereabouts are at present unknown. The omission to mention such in the petition is not fatal." The. statute provides that the suit shall be brought by the personal representative. This has been done. There is no other, form of procedure under which a defendant can be held to answer for a wrongful death. Hence, no other suit can be brought because of this death. An heir, at present unknown, Aggrieved at not sharing in the proceeds of such suit, can not himself sue the company. Only the personal representative can do' that. Such heir appears to be without remedy as against the defendant, who under the statute is answerable only to the personal representative. No prejudice has been done the defendant by alleging that the decedent left a widow and two ehil- ■ dfeia, instead of possibly three or four children. .There is no jurisdictional failure in this regard on the part of the plaintiff to mention all the next of kin who may be conjectured to be in existence, and the court holds that this ground for the motion •for a new trial is not well taken.
The defendant raises the further issue that the failure of the employe of the' defendant to lower the safety gates was the remote cause of the accident, and the negligence of the traction company the direct or proximate cause.
*483 The evidence is uncontroverted that the gates were not lowered, they being situated some hundred or more feet from the track, although the train was past due; and that the way being thus unobstructed the street car, by reason thereof, proceeded eastwardly.
There is evidence tending to show that the employes of the street railway company were negligent in the operation of the street car. But the - court can not apportion the negligence, either in degree or as to the time when the negligence was most harmful.
The question as to whether the negligence of the defendant’s watchman in the tower, or the negligence of the street railway’s conductor, was the direct and proximate cause of the accident, was one of fact for the determination of the jury. It is not one which the court, as a matter of law, is given authority to decide.
The motion for a new trial should therefore be overruled.